# In the United States Court of Federal Claims

Case No. 07-740C
(Filed: October 26, 2007)

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

**CALIFORNIA INDUSTRIAL FACILITIES RESOURCES, INC. d/b/a CAMSS SHELTERS,**
*Plaintiff,*

v.

**THE UNITED STATES OF AMERICA,**
*Defendant,*

and

**ALASKA STRUCTURES, INC.,**
*Intervenor.*

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER

The Court held a telephonic status conference/ hearing on October 25, 2007, to hear the parties' positions regarding the Plaintiff's application for a Temporary Restraining Order ("TRO") in this case, a bid protest involving an Air Force procurement of 9 military shelters. At the conclusion of the hearing the Court denied the application for a TRO.

On October 23, 2007, the Plaintiff filed its Complaint in this Court alleging, *inter alia*, that the Government violated 10 U.S.C. § 2319(c)(3) by enforcing qualification requirements against the Plaintiff, and violated 10 U.S.C. § 2305(b) when it awarded the contract to the awardee, which allegedly did not offer the brand name product required nor specify how the product otherwise met the specifications outlined in the solicitation.

The Plaintiff filed a protest at GAO based on similar grounds on July 12, 2007. The GAO protest was dismissed on October 22, 2007.

The Court held a preliminary status conference on October 24, 2007. During that status conference, the Court was informed that the Air Force's Contracting Officer had learned of the protest dismissal on October 23 and immediately ordered that the contract be performed. The Court also discovered during this status conference that the parties had not yet been served with a copy of the Plaintiff's Complaint and other papers. The Court therefore ordered that the parties reconvene on October 25, 2007, to discuss whether a TRO was necessary or whether the parties wished to proceed instead with an expedited briefing schedule.

During the October 25 conference, the Government expressed its unwillingness to voluntarily stay performance of the contract. Given the Government's unwillingness to voluntarily stay performance of the contract, the Court heard the parties' arguments to decide whether to issue a TRO.

After considering the parties' arguments, and evaluating the traditional factors for issuing a TRO, the Court concludes that the Plaintiff has failed to meet its burden of proving a substantial likelihood of success on the merits. Moreover, the Court was advised that some of the shelters provided under the solicitation had already been delivered, and the balance would arrive at 8 a.m. the next day, October 26. An injunction then would have been directed at an executed contract. **The Court therefore DENIES the Plaintiff's Application for a Temporary Restraining Order.**

In terms of further proceedings, the parties are hereby ordered to comply with the following briefing schedule:

| | |
|---|---|
| November 8, 2007: | Defendant's/ Intervenor's Motion for Judgment on the Administrative Record Filed |
| November 15, 2007: | Plaintiff's Response/ Cross-Motion for Judgment on the Administrative Record Filed |
| November 20, 2007: | Defendant's/ Intervenor's Response to Plaintiff's Cross-Motion and Defendant's/ Intervenor's Reply on its Motion Filed |

| | |
|---|---|
| November 26, 2007: | Plaintiff's Reply on its Cross-Motion and Parties' Consolidated Statement of Uncontroverted Facts Filed |
| December 3, 2007: | Tentative Date for Oral Argument |

**IT IS SO ORDERED.**

s/ Lawrence M. Baskir
LAWRENCE M. BASKIR
Judge