# In the United States Court of Federal Claims

Case No. 07-740C
(Filed: November 16, 2007)

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *
**CALIFORNIA INDUSTRIAL FACILITIES RESOURCES, INC. d/b/a CAMSS SHELTERS,**
*Plaintiff,*

v.

**THE UNITED STATES OF AMERICA,**
*Defendant,*

and

**ALASKA STRUCTURES, INC.,**
*Intervenor.*
* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER

Currently before the Court is the Plaintiff's Motion for Limited Additional Production of Documents, which was filed on November 5, 2007. The Court finds that the Administrative Record may be incomplete because it is devoid of any contemporaneous explanation of the agency action at issue in this litigation. **The Court therefore GRANTS the Plaintiff's motion with limitations, as will be explained below.**

The Plaintiff moves the Court to compel the Government to produce the following:

- All documents and emails related to the establishment of the salient physical, functional or performance specifications listed in Solicitation No. FA4452-07-Q-A055.

- All documents and emails related to the establishment of independent testing requirements listed in Solicitation No. FA4452-07-Q-A055.

The Plaintiff argues that the production of these documents and emails, assuming they exist, is necessary to enable the Court to review the case based upon the "whole" record. Plaintiff's Motion ("Pl. Mot.") at 4. The Plaintiff contends that the Administrative Record, as it currently stands, is incomplete because it is "devoid, [sic] of any explanation of how th[e salient] characteristics and testing requirements [included in the solicitation] were established." *Id.* at 3. The Plaintiff further argues that the documents and emails requested are relevant to this bid protest because they relate directly to the Air Force's alleged violation of FAR provision 9.202, which requires the agency to prepare a written justification prior to establishing a qualification requirement. *See id.* at 3; 48 C.F.R. § 9.202 (1988) ("The head of the agency or designee shall, before establishing a qualification requirement, prepare a written justification — (i) Stating the necessity for establishing the qualification requirement and specifying why the qualification requirement must be demonstrated before contract award . . . . "); *see also* Complaint ("Compl.") at 10-11.

The Government filed its opposition to the Plaintiff's motion on November 13, 2007. The Government argues that the motion is without merit and should be denied because (1) information regarding the establishment of the salient characteristics in the solicitation is irrelevant to the issue before this Court, namely whether the Air Force's actions during the procurement were arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with the law, and (2) sufficient information requested by the Plaintiff in this Motion is already included in the Administrative Record. Defendant's Opposition ("Def. Opp'n.") at 3, 5.

It is well-settled that the starting point for judicial action in a bid protest case should be the contemporaneous "administrative record" of the agency's action. *See Impresa Construzioni Geom. Domenico Garufi v. United States*, 238 F.3d 1324, 1338 (Fed. Cir. 2001). However, as a practical matter, the "administrative record" in most bid protests is "something of a fiction, and certainly cannot be viewed as rigidly as if the agency had made an adjudicative decision on a formal record that is then certified for court review." *Cubic Applications, Inc. v. United States*, 37 Fed. Cl. 345, 350 (1997) ("Cubic II"). Therefore, in order to preserve a meaningful judicial review, the parties must be able to suggest the need for other evidence aimed at determining certain issues relevant to a protest brought in this Court. *Id.* Such issues would include, for example, whether other materials not included in the administrative record were considered by the agency, or whether the administrative record provides an adequate explanation to the protestor or to the court as to the basis of the agency action. *See id.*

Having reviewed the parties' respective arguments and the portion of the Administrative Record pertaining to the Plaintiff's request for similar documents and emails which was presented to GAO, the Court is concerned that there may in fact be gaps that could hinder meaningful judicial review. *See Asia Pac. Airlines v.*

*United States*, 68 Fed. Cl. 8, 18 (2005) (noting that gaps in the administrative record may exist because of the informal nature of the agency's action and indicating that a reviewing court has the power, and may be obligated, to require an explanation of a contracting officer's decision where such an explanation is needed for meaningful judicial review); *see also Impresa Construzioni*, 238 F.3d at 1338. **The Court therefore orders the Government to complete the Administrative Record with any documents and/or emails related to the establishment of the salient physical, functional, or performance specifications and independent testing requirements listed in Solicitation No. FA4452-07-Q-A055 that were created contemporaneously with the procurement, if such documents and/or emails in fact exist.**

The Government argues that the information sought by the Plaintiff is not relevant to the issue before the Court. We disagree. The basis of the Plaintiff's protest before this Court is that the Air Force improperly enforced three testing requirements against it, which resulted in the Plaintiff's proposal being rejected, and that the award to Intervenor Alaska Shelters, whose product the Plaintiff claims did not meet the required salient characteristics, was inconsistent with both procurement law and the solicitation. *See* Compl. ¶¶ 42, 57. We believe that contemporaneous information explaining the agency's decision to include the salient characteristics and testing requirements in the solicitation is highly relevant to our determination of whether the agency's action has a rational basis.

The Government further argues that the information sought by the Plaintiff is already in the Administrative Record. The Administrative Record includes documents related to the Plaintiff's request before GAO that the Government produce documents and emails similar to those it requests in the instant motion. Specifically, the record before GAO includes a copy of the Air Force's Supplemental Memorandum of Law responding to the Plaintiff's request (AR at 223), copies of internal Air Force email communications discussing the Plaintiff's request for these documents and emails (AR at 242, 258), and a copy of a letter from the Air Force to Plaintiff's counsel dated August 20, 2007, denying the Plaintiff's request for additional documents (AR at 245).

The Court has taken notice of the Government's argument that the Plaintiff's attempt to challenge the terms of the solicitation after award of the contract is untimely. *See* Def. Opp'n. at 4-5 n.2. However, the mere fact that the Plaintiff may not prevail on the merits will not determine what evidence this Court will consider in its review.

The Government relies upon the August 20 letter from the Air Force to the Plaintiff to support its argument that the record already contains the information sought by the Plaintiff. In this letter, Air Force counsel states: "The Agency based the salient characteristics on shortfalls of shelters that the Government purchased in

the past . . . [and] on feedback from the warfighter in the field to withstand actual weather conditions." AR at 245. The Government argues that this representation by agency counsel coupled with the other documents "should be sufficient for the plaintiff to determine 'the establishment of the salient physical, functional or performance specifications' and 'the establishment of independent testing requirements.'" Def. Opp'n. at 5 (citing Pl. Mot. at 1-2).

The Administrative Procedures Act ("APA") limits this Court's review to a determination of whether or not the agency's actions were "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A). In applying the APA standard, the Supreme Court has instructed that "the focal point for judicial review should be the administrative record already in existence." *Camp v. Pitts,* 411 U.S. 138 (1973). Therefore, courts are skeptical of affidavits and other explanations that post-date the agency's decision because, as post hoc rationalizations, they do not constitute the record before the agency. *See Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402 (1971).

The August 20 letter and other documents included in the Administrative Record upon which the Government relies to oppose the instant motion are post hoc rationalizations for the agency's decision to include the salient characteristics and testing requirements in the solicitation. The Administrative Record is thus devoid of any contemporaneous documentation which explains this decision. The Court therefore orders the production of any contemporaneous documentation from the agency which explains the basis of its decision. *See Cubic Applications, Inc. v. United States*, 37 Fed. Cl. 339, 343 (1997) ("Cubic I") ("The [administrative] record must naturally include all materials upon which the agency relied in awarding the contract at issue.").

We note that in ordering the Government to complete the Administrative Record as instructed above, we decline to grant the Plaintiff the right to additional discovery. Given the limited nature of this Court's review of bid protest cases, discovery, while available, is subject to greater limitations than in a *de novo* review. *Id.* The Plaintiff is not entitled to further discovery relating to the issues raised in its motion.

Based on the foregoing, **the Government is ordered to complete the Administrative Record with any additional documents and/or emails related to the establishment of the salient physical, functional, or performance specifications and independent testing requirements listed in Solicitation No. FA4452-07-Q-A055 that were created contemporaneously with the procurement.**

**The documents and/or emails shall be supplied to the Court no later than November 30, 2007. If such documents and/or emails do not exist, the Government is to notify the Court of this fact by the same date.**

**IT IS SO ORDERED.**

s/ Lawrence M. Baskir
LAWRENCE M. BASKIR
Judge